IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-20 |
| | ) | |
| ALMON D. WELLS | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is set for a sentencing hearing on Thursday, June 16, 2005. One of the issues raised by the parties is whether the defendant should be designated as an armed career criminal pursuant to 18 U.S.C. § 924(e). *See* docs. 19 and 23. The issue is focused on whether the defendant's conviction for attempted robbery is a previous conviction for a violent felony. This offense occurred in 1993 when the defendant was thirteen years old. *See* Presentence Report, ¶ 34. Since this is an issue of law it will be resolved by the court in this memorandum opinion. For the reasons discussed below, the court finds that the defendant is not an armed career criminal within the meaning of the statute.

> Section 924(e) provides in relevant part:
>
> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both,

> committed on occasions different from one another,
> such person shall be fined under this title and
> imprisoned not less than fifteen years . . . .
> (2) As used in this subsection –
>    (A) . . . .
>    (B) the term "violent felony" means any crime
> punishable by imprisonment for a term exceeding one
> year, or any **act of juvenile delinquency involving the
> use or carrying of a firearm, knife, or destructive
> device** that would be punishable by imprisonment for
> such term if committed by an adult, that –
>      (I) has as an element the use, attempted use, or
> threatened use of physical force against the person of
> another; or
>      (ii) is burglary, arson, or extortion, involves use of
> explosives, or otherwise involves conduct that presents
> a serious potential risk of physical injury to another; and
>    (C) the term "conviction" includes a finding that a
> person has committed an act of juvenile delinquency
> involving a violent felony.

Thus, in order for a prior juvenile conviction to qualify as a predicate offense for armed career criminal status, the conviction must meet all the criteria for an adult conviction **and** involve the use or carrying of a firearm, knife, or destructive device.

In his brief, the defendant admits that he has two qualifying violent felonies; that is, two aggravated assault convictions. *See* Presentence Report, ¶¶ 37 and 42. The defendant argues, however, that the third qualifying conviction for attempted robbery should not be used to enhance his status to that of an armed career criminal. His argument is that the attempted robbery conviction occurred when he was a juvenile, and in order to count, it must have involved "the

2

use or carrying of a firearm, knife, or destructive device" and be punishable by imprisonment for a term exceeding one year if committed by an adult. The defendant says that although he was charged with aggravated robbery (robbery with a handgun), he pled to attempted robbery, and the proof was that the "handgun" was a cap pistol. The defendant points out that the Tennessee statute defining robbery does not include an element of using or carrying a firearm, knife, or destructive device. *See* Tenn. Code Ann. § 39-13-401 ("robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear").

In opposition to this argument, the government contends that this court should decline to use the "categorical approach"; that is, consider only the statutory elements, charging documents and jury instructions to determine whether the prior offense is a violent felony under the armed career criminal statute. *See Shepard v. United States*, 125 S.Ct. 1254, 1257-58 (2005); *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990) (holding that the Armed Career Criminal Act generally prohibits the trial court from delving into particular facts disclosed by the record of conviction, thus leaving the court normally to "look only to the fact of conviction and the statutory definition of the prior offense"). The government says that the categorical approach does not apply to questions concerning whether a juvenile conviction **involved** the use or carrying of a firearm. Rather, the Supreme Court's adoption of the categorical

3

approach applies only to an analysis of whether the prior conviction **has as an element** the use or carrying of a firearm.

In *United States v. Richardson*, 313 F.3d 121 (3d Cir. 2002), the Third Circuit held that the categorical approach should be used to determine whether a juvenile adjudication meets the requirements for enhancing a defendant's sentence under the Armed Career Criminal Act. *Id.* at 122. In *Richardson*, the defendant had been sentenced as an armed career criminal based, in part, on a juvenile conviction for robbery. The Third Circuit found that the trial court should have used the categorical approach set out in the *Taylor* case to determine whether the defendant's juvenile conviction enhanced him to armed career criminal status. *Id.* at 128. The Court recognized that the documents upon which the trial court should rely may be nonexistent in juvenile cases (indictment, jury charge, plea agreement), but, nevertheless, the Court found that the trial court should have reviewed the Pennsylvania criminal statutes to determine whether the "use or carrying of a firearm, knife, or destructive device" was a necessary element of the defendant's juvenile conviction. *Id.* at 126. Although the charging documents charged that a knife was used in the robbery, "an enhancement cannot be based solely on an allegation in the charging document when the conviction for the charged offense or offenses could have been obtained without that allegation having been proved. *Id.* at 127-28.

If the categorical approach is used in this case, it is clear that the defendant's juvenile conviction for attempted robbery is insufficient to enhance his status to armed career criminal. As quoted above, the use or carrying of a firearm, knife or destructive device are not necessary elements of a robbery conviction in Tennessee. This court recognizes that the charging documents accused the defendant of using a firearm to commit aggravated robbery, but the defendant was not convicted of this offense; he was convicted only of attempted robbery, and the use of a firearm is not a necessary element of this offense.

The defendant urges this court to follow *Richardson*, while the government claims that *Richardson* was wrongly decided. The government says that there is a distinction between "involves the use or carrying of" and "has as an element," and the categorical approach applies only to the latter phrase. The government argues that the legislative history of the Armed Career Criminal Act supports its interpretation of the statute. But, even if the court accepted the government's argument, it appears that in this case the government's argument will hit a dead end. If, as the government proposes, the court looks behind the fact of conviction and the Tennessee statutes to the underlying charges and facts, the court will likely come to the cap pistol, which well may have been the

5

reason for the defendant's conviction on a reduced charge. A cap pistol is not a firearm, knife or destructive device within the definitions in the statute.[1]

The court finds the *Richardson* case persuasive, and will follow its reasoning and holding. Applying the categorical approach to the defendant's 1993 conviction for attempted robbery, the court finds that it did not necessarily involve "the use or carrying of a firearm, knife, or destructive device," and cannot be used as predicate offense to enhance the defendant's status to armed career criminal.

Therefore, it is hereby **ORDERED** that the defendant's objection to any finding that he is an armed career criminal is **GRANTED**. The other sentencing issues raised by the parties will be addressed at the time of the defendant's sentencing hearing.

ENTER:

    *s/ Leon Jordan*
United States District Judge

---

[1] A "firearm" is defined as any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. 18 U.S.C. § 921(a)(3). The term "destructive device" means any explosive, incendiary, or poison gas bomb, grenade, rocket, missile, mine, or device similar to any of these items. 18 U.S.C. § 921(a)(4).