UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALMON D. WELLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-cr-20 |
| | ) | 3:11-cv-67 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Petitioner has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Plaintiff was convicted in this court of being a felon in possession of ammunition and being a felon in possession of a firearm, pursuant to his guilty pleas to counts one and two, respectively, of a two-count indictment; he received a total effective sentence of 200 months. *United States v. Almon D. Wells*, Criminal Action No. 3:04-cr-20 (E.D. Tenn. Aug. 29, 2005) (Judgment). Pursuant to the mandate of the United States Court of Appeals for the Sixth Circuit, the judgment was amended on June 1, 2009, to strike the language indicating the commencement date of petitioner's sentence; the sentence was affirmed in all other respects. *United States v. Wells*, 473 F.3d 640 (6th Cir. 2007).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

The amended judgment in petitioner's criminal case was entered on June 1, 2009, and petitioner did not appeal. Accordingly, the judgment became final on June 15, 2009. Therefore, petitioner had until June 15, 2010, within which to file his § 2255 motion. The court received the petitioner's original habeas petition on December 17, 2010.[1] For that

[1]Petitioner originally filed a habeas corpus petition pursuant to the All Writs Act, 28 U.S.C. § 1651, and named as respondent the warden of the state facility where petitioner is confined. Petitioner subsequently moved to file an amended petition which named the United States as respondent and which sought to challenge his federal conviction pursuant to 28 U.S.C. § 2255; the motion was granted.

reason, the court ordered petitioner to show cause why his § 2255 motion is not barred by the one-year statute of limitation.

In response, petitioner states that the statute of limitation should be tolled due to the fact that petitioner is actually innocent. The Supreme Court has now held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010). The Sixth Circuit has held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). The Sixth Circuit noted that "'actual innocence means factual innocence, not mere legal insufficiency.'" *Id*. at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner's claim of actual innocence is that the indictment is void as multiplicitous because it charged a single offense in multiple counts, i.e., felon in possession. According to petitioner, the legislature never intended to punish the crime of possession of both ammunition and the firearm. It is correct that an indictment which charges a defendant with separate crimes of being a felon in possession of a firearm and of being a felon in possession of ammunition, where there is no evidence that the ammunition clip was stored or acquired separately from the gun, is multiplicitous,. *See United States v. Adams*, 214 F.3d 724, 729 (6th Cir. 2000). In petitioner's case, however, the charges arose from separate incidents and involved separate weapons and ammunition.

On April 27, 2003, petitioner fired one round from a semi-automatic pistol during a fight in a nightclub and struck a bystander. The police recovered a 9mm Winchester shell

casing. This conduct formed the basis of the felon in possession of ammunition charge. [Criminal Action No. 3:04-cr-20, Presentence Report, ¶ 6 at 5]. On January 15, 2004, petitioner fired a semi-automatic pistol multiple times at a police officer. Upon his arrest, the police recovered a Glock model 22 .40 caliber semi-automatic pistol. This conduct formed the basis of the felon in possession of a firearm charge. [*Id*., ¶¶ 9-10 at 6]. Petitioner has not demonstrated actual innocence of the charges to which he pleaded guilty and he is not entitled to equitable tolling of the statute of limitation.

Petitioner's motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. Petitioner's motions to amend the § 2255 motion and motion for a speedy trial are **DENIED** as **MOOT**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge